IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES DURAH,                          )
                                        )
                Plaintiff,      )       Civil Action No. 05-1709
                                        )
            vs.                 )       Judge Terrence F. McVerry/
                                )       Magistrate Judge Lisa
RAMONE RUSTIN, Warden, B.       )       Pupo Lenihan
HALT, Correction Officer at     )
A.C.J., OFFICER DOYLE, and      )
OFFICER DUCKER,                 )
                                        )
                Defendants      )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the case be dismissed due to Plaintiff's failure to prosecute.

### REPORT

Charles Durah ("Plaintiff") was a incarcerated at the Allegheny County Jail at the time of filing this civil rights complaint.  Because Plaintiff has apparently been released from the Allegheny County Jail, has failed to act on his complaint, and has failed to provide this court with a change of address in order for this court to contact him, this case should be dismissed for failure to prosecute.

### A.  Relevant Procedural History

On December 13, 2005, this court received Plaintiff's civil rights complaint along with a motion to proceed in forma pauperis and a motion to appoint counsel.  This court granted the motion

for leave to proceed as a pauper and the complaint was filed,

even though Plaintiff failed to provide the court with sufficient

copies of the complaint for all defendants to be served.  In

January 2005, Plaintiff filed his authorization permitting

withdrawal of funds from his prison account to pay for the filing

fee.  A partial payment was received on March 29, 2006.  It is

now September 12, 2006 and nothing further has occurred in this

case.  It has come to the attention of the court that Plaintiff

was released from the Allegheny County Jail.  Plaintiff has not

contacted this court, nor has he provided a notice to this court

of his changed address.

**B.  Dismissal for Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure deals

with involuntary dismissals and provides in relevant part that a

court may dismiss an action

> [f]or failure of the plaintiff to prosecute or to
> comply with these rules or any order of court, a
> defendant may move for dismissal of an action or of any
> claim against the defendant. Unless the court in its
> order for dismissal otherwise specifies, a dismissal
> under this subdivision and any dismissal not provided
> for in this rule, other than a dismissal for lack of
> jurisdiction, for improper venue, or for failure to
> join a party under Rule 19, operates as an adjudication
> upon the merits.

A court's decision to dismiss for failure to prosecute is

committed to the court's discretion. See Collinsgru v. Palmyra

Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)("We review for

abuse of discretion a district court's dismissal for failure to

2

prosecute pursuant to Rule 41(b).").  In exercising that

discretion, a district court should, to the extent applicable,

consider the six factors known as the <u>Poulis</u> factors[1] when it

levies the sanction of dismissal of an action for failure to obey

discovery schedules, failure to prosecute, or to comply with

other procedural rules. <u>Harris v. City of Philadelphia</u>, 47 F.3d

1311, 1330 n.18 (3d Cir. 1995).  Those six <u>Poulis</u> factors are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the
> failure to meet scheduling orders and to respond to
> discovery; (3) a history of dilatoriness; (4)whether
> the conduct of the party or the attorney was willful or
> in bad faith; (5) the effectiveness of sanctions other
> than dismissal, which entails an analysis of
> alternative sanctions; and (6) the meritoriousness of
> the claim or defense.

<u>Id</u>.  However, "*Poulis* did not provide a magic formula whereby the

decision to dismiss or not to dismiss a plaintiff's complaint

becomes a mechanical calculation easily reviewed by" the Court of

Appeals.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).

For the Court of Appeals has recognized that "not all of the

*Poulis* factors need be satisfied in order to dismiss a complaint.

*See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843

F.2d 683, 696 (3d Cir.1988).  Instead, the decision must be made

in the context of the district court's extended contact with the

---

[1] <u>See</u> <u>e.g.</u>, <u>Emerson v. Thiel College</u>, 296 F.3d 184, 190 (3d
Cir. 2002)("In considering the second *Poulis* factor . . .").
<u>Poulis</u> refers to <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d
863, 868 (3d Cir. 1984).

litigant."  Id.

In considering the Poulis factors, the first factor weighs particularly heavy against Plaintiff, given that he is pro se and has no one to blame but himself for his failure to keep the court and parties informed of his current address and so to enable him to receive the court's orders and notices.  The court can only surmise that he has lost interest in prosecuting this case further.  As for the second Poulis factor, there may be prejudice to the Defendants, given that they too cannot contact Plaintiff so as to conduct any discovery that would be needed for summary judgment purposes.  However, this is only a slight consideration at this stage.

The fifth Poulis factor weighs in favor of dismissal for failure to prosecute, given that Plaintiff cannot be contacted, it is difficult to see how any lesser sanction, of which Plaintiff cannot be made aware, would serve the interests of justice or judicial economy.

Considering the remaining Poulis factors, it is apparent to this court, that Plaintiff's suit should be dismissed for failure to prosecute.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

objections to this report.  Any party opposing the objections

shall have seven (7) days from the date of service of the

objections to respond thereto.  Failure to timely file objections

may constitute a waiver of any appellate rights.


/s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge


Date: September 13, 2006


cc:   Honorable Terrence F. McVerry
      United States District Judge

      Charles Durah
      #91552
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA 15219